IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

MARVIN RAY,                          )
                                     )
                    Plaintiff,       )
                                     )
          v.                         )          No. CIV-06-319-C
                                     )
JUSTIN JONES, MIKE MULLIN,           )
JEFF McMURTRY, CHAD MORGAN,          )
SERGEANT FLETCHER, and               )
UNKNOWN COI McOWEN,                  )
                                     )
                    Defendants.      )

**O R D E R**

Plaintiff, a state prisoner proceeding pro se and in forma pauperis, brings this action pursuant

to 42 U.S.C. § 1983 complaining that Defendants violated his constitutional rights.  Defendants

Jones, Mullin, McMurtry, Morgan, and McOwen moved to dismiss based on Plaintiff's failure to

exhaust the administrative remedies available before filing suit, as required by 42 U.S.C.

§ 1997e(a).[1]  Magistrate Judge Couch issued a Report and Recommendation (Dkt. No. 39)

recommending that the motion be denied.  Defendants filed an Objection. (Dkt. No. 41.)[2]  For the

reasons set out below, Defendants' Objection is overruled and the Court adopts the Report and

Recommendation in full.

DISCUSSION

42 U.S.C. § 1997e(a) of the Prison Litigation Reform Act ("PLRA") provides:  "No action

shall be brought with respect to prison conditions under section 1983 of this title, or any other

---

[1] Defendant "Sergeant Fletcher" has not been served and did not join the motion to dismiss.
(Dkt. No. 39, Report & Recommendation at 1 n.2.)  However, the Court will refer to that motion as
being brought by all Defendants for purposes of convenience.

[2] Plaintiff also filed a Response to the Objection, without leave of Court. (Dkt. No. 46.)

Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  An inmate must begin and complete the administrative grievance process, in compliance with administrative rules, to meet the exhaustion requirement.  Jernigan v. Stuchell, 304 F.3d 1030, 1032 (10th Cir. 2002).  An inmate must also exhaust the administrative procedures that are available, even if they will not provide the particular relief sought, or if doing so appears "futile" considering the type of relief sought.  Booth v. Churner, 532 U.S. 731, 741 (2001); id.  However, the term "available" only requires that the inmate "exhaust those procedures that he or she is reasonably *capable* of exhausting."  Hoover v. West, 93 Fed. Appx. 177, 181 (10th Cir. 2004) (unpublished).[3]  Thus, the failure of prison officials to respond to complaints or provide necessary forms as well as other efforts preventing or thwarting utilization of an administrative remedy, unless exacerbated by the inmate, renders that remedy "unavailable." Id.

The Supreme Court recently clarified that the PLRA does not require an inmate to specially plead or demonstrate exhaustion of administrative remedies in his complaint.  Jones v. Bock, ___ S. Ct. ___, 2007 WL 135890, at *10 (Jan. 22, 2007).  Previously, the circuit required an inmate to sufficiently plead exhaustion of grievance proceedings, which required specific description of the administrative proceedings and outcome and/or supporting documentation.  Steele v. Fed. Bureau of Prisons, 355 F.3d 1204, 1210 (10th Cir. 2003), abrogated by Jones, 2007 WL 135890, at *10-11.  There is now no question that failure to exhaust is an affirmative defense, which like other affirmative defenses may form the basis for dismissal under Federal Rule of Civil Procedure 12(b)(6) if the allegations, taken as true, show the plaintiff is not entitled to relief.  Jones, 2007 WL

---

[3]  This opinion is cited in accordance with Tenth Circuit Rule 36.3.

135890, at *10.  In this case, it is not clear on the face of the complaint what administrative remedies

were available,  what efforts Plaintiff made to exhaust them, or whether those efforts were timely

and in compliance with administrative requirements.  Thus, dismissal is inappropriate.

Moreover, to the extent that additional evidence may be considered, see, e.g., Hall v.

Bellmon, 935 F.2d 1106, 1112 (10th Cir. 1991), the Court agrees that dismissal is still not warranted

under the liberal standard applied to Rule 12(b)(6) motions.  According to the then-existing practice,

Judge Couch considered evidence outside the complaint in deciding Defendants' motion.  The facts

surrounding the excessive force allegedly used against Plaintiff and Plaintiff's efforts to seek redress

through administrative channels are described in the Report and Recommendation, and do not bear

repeating here.  Based on the record, Judge Couch found that the issues raised by Plaintiff could not

be addressed through the inmate grievance process, which, as Plaintiff was repeatedly advised, did

not provide an administrative remedy for Plaintiff's claims and concerns.  Further, Judge Couch

found that to the extent that administrative remedies were available, through an internal affairs

investigative process, Plaintiff exhausted those procedures.

Defendants complain in their Objection that Plaintiff failed to properly and timely exhaust

the administrative remedies available through the grievance process and that the internal affairs

investigation does not constitute exhaustion.  Although Plaintiff may have been untimely in filing

the forms or reports required by the established grievance process[4], the evidence supports the

inference that *no* remedy was available through that process because of the on-going internal affairs

investigation.  Thus, compliance with the grievance process requirements or completion of that

---

[4] In his Response, Plaintiff claims that he submitted his first Request to Staff on January 21, 2005, and that it was subsequently "trashed" by prison staff.  (Dkt. No. 46 at 2.)

process would not have been required.  Further, although an internal affairs investigation is not normally considered a substitute for the completion of grievance procedures, see Bokin v. Davis, No. C 01-2496 CRB (PR), 2003 WL 21920922, at *3-4 (N.D. Cal. Aug. 7, 2003), Plaintiff was repeatedly, perhaps incorrectly, advised that it was.  Under the circumstances, the Court is not satisfied that Plaintiff could not disprove Defendants' affirmative defense.

CONCLUSION

Accordingly, the Court affirms and adopts, in its entirety, the Report and Recommendation of the Magistrate Judge.  Defendants' Objection (Dkt. No. 41) is OVERRULED.  Defendants' Motion to Dismiss (Dkt. No. 24) is DENIED.  The matter is recommitted to Judge Couch consistent with the initial Order of Referral.

IT IS SO ORDERED this 1st day of February, 2007.


ROBIN J. CAUTHRON
United States District Judge